STATE OF MISSOURI, Respondent, *v.* C. C. CROWLEY, Appellant.

*Criminal Practice—License—Indictment.*—An indictment, under the 4th section of the act, approved March 28, 1861, to prevent the adulteration of spirituous liquors in this State, which charges the defendant with unlawfully selling spirituous liquors, &c., without first having given bond, as required by the statute, is sufficient; the indictment need not negative the exceptions contained in § 6 of the act. (Acts 1860-61, p. 92.)

*Appeal from Linn Circuit Court.*

*Vories & Vories,* for appellant.

The indictment should either have stated facts sufficient to show whether it was intended to charge defendant for selling liquor without giving the bond required by the law concerning dramshops, (R. C. 1855, p. 648, § 8,) or whether it was for failing to give the bond required under the act to tax and license merchants, (R. C. 1855, pp. 1073-7, §§ 1-4 & 22,) or whether it was for selling liquors without giving the bond required by the law of 1861, entitled "An act to prevent the adulteration of spirituous liquors in this State." (Acts of 1860-61, p. 92.)

This indictment is uncertain. It should be so certain that

the defendant could not be mistaken in reference to the specific crime with which he is charged, and so that the court can tell what judgment to render if a plea of guilty was pleaded by the defendant. (State v. Heelan, 6 Mo. 263; Dameron v. State, 8 Mo. 494; Conner v. State, 14 Mo. 561; 1 Arch. Crim. Pl. & Pr. 282, and notes; People v. Allen, 5 Denio, 76.)

*Wright*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted at the April term of the Linn county Circuit Court, in 1865, for unlawfully selling spirituous liquors, without first appearing before the county court clerk of the county of Linn, and giving bond as required by law. He filed his motion to quash the indictment, and assigned as reason: "1. Said indictment does not charge sufficient facts upon its face to constitute any offence under the law. 2. The indictment does not negative the exceptions named in the 6th section of the act under which this indictment is found. 3. The indictment is in other respects defective, informal and insufficient.

The court overruled a motion to quash, and on a trial the defendant was found guilty and fined fifty dollars.

The indictment is founded on the *fourth section of* "An act to prevent the adulteration of spirituous liquors in this State," approved March 28, 1861, which declares that it shall not be lawful for any person or persons to sell or offer to sell any spirituous or alcoholic liquors within the State, until he, she, or they, shall first appear before the county court clerk of the county where such liquors are to be sold, or offered for sale, and take and subscribe to an oath not to mix or adulterate, with any substance whatever, the liquors offered for sale; and give bond in the sum of five hundred dollars, with good and sufficient security for the payment of all costs arising from prosecution for the violation of the provisions of this act."

The principal objection relied on is, that the indictment does not negative all the exceptions contained in the section. It states that defendant failed to appear before the county court clerk and give the required bond, but omits to state that he did not take and subscribe the oath which is also rendered necessary.

The selling liquor in violation of law is the gravamen of the offence. And to make the selling lawful, it was incumbent on the defendant to comply with the requisitions of the law. His appearance before the county court clerk, taking and subscribing the oath, and giving bond were all essential prerequisites. Neither could be dispensed with. Suppose he appeared before the clerk, and took and subscribed the oath, that would not authorize him to sell without he gave a bond also. And so if he appeared and gave bond, he must in addition take and subscribe the oath. For aught that appears he may have taken and subscribed the oath, yet his failure to give bond rendered the selling unlawful.

The omission to do either of the acts specified in the section, prior to selling liquor, is sufficient to constitute an offence against the law. The indictment is sufficiently certain and definite, and the judgment is affirmed. Judge Holmes concurs ; Judge Lovelace absent.